**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAGDEEP SINGH GILL,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 15-72600<br><br>Agency No. A205-082-824<br><br>MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2019<sup>**</sup>
Seattle, Washington

Before:  HAWKINS and W. FLETCHER, Circuit Judges, and BURY,<sup>***</sup> District
Judge.

Jagdeep Singh Gill, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") denial of his application for asylum,

---

<sup>*</sup>      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

<sup>**</sup>      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

<sup>***</sup>      The Honorable David C. Bury, United States District Judge for the
District of Arizona, sitting by designation.

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

"Where, as here, the BIA agrees with and incorporates specific findings of the [Immigration Judge ("IJ")] while adding its own reasoning, we review both decisions." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). Factual findings underlying the denial of an asylum, withholding, or CAT claim, including findings regarding an applicant's credibility, are reviewed for substantial evidence. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002). "Under the substantial evidence standard, the court upholds the BIA's determination unless the evidence in the record compels a contrary conclusion." *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011) (quoting *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007)).

The BIA's adverse credibility determination here was supported by substantial evidence. The REAL ID Act, which governs claims filed after May 11, 2005, provides the standard for assessing an applicant's credibility. 8 U.S.C. § 1158(b)(1)(B)(iii). "For each factor forming the basis of an adverse credibility determination, the [agency] should refer to specific instances in the record that support a conclusion that the factor undermines credibility." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010).

The BIA relied on two grounds to uphold the IJ's adverse credibility determination. First, the BIA noted that Singh Gill omitted mention of telephone threats from police until he was prompted on cross-examination to explain a supporting affidavit. Second, the BIA pointed to two versions of the affidavit from Singh Gill's father and concluded that the contents and notary stamps on the letters raised concerns about the documents' authenticity. We are not compelled to conclude that either ground was unfounded.

The IJ gave Singh Gill an opportunity to address both concerns and rejected his explanations. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("If the IJ reasonably rejects the alien's explanation, . . . or if the alien fails to provide a plausible explanation, the IJ may properly rely on the inconsistency as support for an adverse credibility determination."). We are not compelled to conclude that the IJ acted unreasonably in rejecting Singh Gill's explanations.

In the absence of credible testimony, Singh Gill would need to prove a well-founded fear of persecution based on his documentary evidence alone. The BIA's determination that Singh Gill's supporting affidavits could be afforded "minimal weight" was supported by substantial evidence in light of the BIA's concerns about the affidavits' authenticity. The remaining documentary evidence does not show either that Singh Gill suffered past persecution or that his fear of future persecution

was objectively reasonable.  The BIA's denial of asylum and withholding of removal is supported by substantial evidence.

Similarly, absent credible testimony, Singh Gill was unable to show eligibility for CAT relief.  "[A] CAT applicant may satisfy his burden with evidence of country conditions alone."  *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010).  Though the country conditions documents here show mistreatment of certain high-profile Sikh activists, they do not show such widespread mistreatment and impunity as to compel an inference that Singh Gill is "more likely than not" to be tortured in India on the basis of either his political or religious affiliation.  8 C.F.R. § 1208.16(c)(2).  The BIA's denial of CAT relief is supported by substantial evidence.

**PETITION DENIED.**